## HARLEY v. EMERICK.

June 22, 1835.

*Rule to show cause why a new trial should not be granted.*

In an action by the indorsee of a promissory note against the indorser, the drawer is not a competent witness for the defendant to prove that when the note was made the indorsee had stipulated not to hold the indorser responsible, and that the note was for the accommodation of the indorsee, unless there be proof *aliunde* that the indorsee was an original party to the note.

THIS was an action on a promissory note, drawn by George Emerick, in favour of, and indorsed by the defendant, dated August

18th, 1832, for 548 dollars 42 cents, at sixty days, duly protested at maturity for non payment.

At the trial, on the 20th of March 1834, before Judge BARNES, the defendant offered George Emerick, the drawer, as a witness to prove that the name of Augustus Emerick was used in the note, in the first place, at the solicitation and for the accommodation of Francis Harley, to enable him to get a discount, and under a distinct assurance, on the part of Francis Harley, that he did not look to Augustus Emerick, declaring the note to be merely for his own accommodation.

The plaintiff's counsel objected to the witness; the judge allowed him to be sworn, and the witness having proved the matters alleged, there was a verdict for the defendant.

The plaintiff's counsel obtained a rule to show cause why a new trial should not be granted, upon the ground of the alleged incompetency of the witness.

*I. Norris*, for plaintiff.
*Keemlé*, for defendant.

Authorities cited on the argument: Jones *v.* Brooks, 4 *Taunt.* 464; Griffith *v.* Reeford, 1 *Rawle's Rep.* 196; 16 *Johns. Rep.* 70; 2 *Stark. on Ev.* 300; Walton *v.* Shelley, 1 *T. Rep.* 300; Bent *v.* Baker, 3 *T. Rep.* 35; 9 *Serg. & Rawle* 229; 1 *Peake's N. P. R.* 40, 117; Jordain *v.* Lathlom, 7 *T. Rep.* 601; Stille *v.* Lynch, 2 *Dall. Rep.* 194; Pleasants *v.* Pemberton, *Ibid.* 196; Commonwealth *v.* Ross, *Ibid.* 239; Shaw *v.* Wallace, 2 *Yeates Rep.* 17; Baring *v.* Shippen, 2 *Binn. Rep.* 165; M'Ferran *v.* Powers, 1 *Serg. & Rawle* 102; Baird *v.* Cochrane, 4 *Serg. & Rawle* 327; Heberton *v.* Cassel, 6 *Serg. & Rawle* 113; Bank of Montgomery *v.* Walker, 9 *Serg. & Rawle* 229; Bank of Pennsylvania *v.* M'Callmont, 4 *Rawle's Rep.* 308; 1 *Phillip's Ev.*, 3d edit., note 35; Wilson *v.* Lenox, 1 *Cranch's Rep.* 201; United States *v.* Dunn, 6 *Peters's Rep.* 51; Bank of Metrop. *v.* Jones, 8 *Peters's Rep.* 12; *Chitty on Bills (edit. of* 1835) 654; 6 *Mass. Rep.* 430; 7 *Mass. Rep.* 470; 14 *Mass. Rep.* 303; 17 *Johns. Rep.* 176; Stafford *v.* Rice, 5 *Cowen's Rep.* 23; Hill *v.* Ely, 5 *Serg. & Rawle* 363; 3 *Wash. C. C. Rep.* 405.

The opinion of the Court was delivered by
PETTIT, *President.*—The rule, that a man should not be allowed to invalidate an instrument to which he had given the credit of his

name, was originally founded upon supposed motives of policy, and was an innovation upon the principles of the common law, which allowed every one, not interested, and not of infamous character, to be a witness. The rule is in force in Pennsylvania only so far as it relates to negotiable instruments actually negotiated. *2 Binn.* 165; *1 Rawle* 196. If a party to a note cannot be a witness in a case where one of the original parties is concerned, it must be on some other ground. In relation, however, to the holder of a promissory note, to whom it has been regularly indorsed, the rule does exist, and hence the question is at once presented, was Francis Harley an original party to the note, or was he not? If this question be answered affirmatively, the rule does not apply, and there being no other ground of objection, George Emerick could be a witness. *Prima facie,* Francis Harley is not an original party; nor can he be treated as such a party till proof be first made of the fact. Here, George Emerick, the drawer, is offered to furnish that proof, and thus to prepare the way for the introduction of his own testimony, by showing that the rule which excludes it does not apply in favour of Francis Harley. Now the case of Griffith *v.* Reeford, 1 *Rawle* 196, expressly decides that a party to a note, thus liable to an original objection to his competency, cannot be allowed to open his lips, for any purpose, while that objection exists; and of course cannot be heard to remove, on the credit of his own testimony, that very objection. The amount of that decision is, that the objection must be removed by some other evidence. Here, then, it should be shown by some other proof than that derived from the drawer himself, that Francis Harley was an original party to the note, before the drawer can be heard to prove that Harley was not to look to the indorser.

The testimony was therefore improperly received, and a new trial is awarded.

This decision rests entirely upon the authority of the case of Griffith *v.* Reeford; for though the opinion of the supreme court was delivered by the chief justice in but a few words, and was dissented from by two of the judges, yet it is altogether obligatory upon this court. Were we at liberty to speculate upon the subject, we might be inclined to express a desire to see the law settled in this commercial community, upon the principle now recognised as part of the mercantile law of England and New York, that nothing but an actual interest in the witness (when not infamous) shall exclude him: the rights of a *bona fide* holder of negotiable paper without notice being protected

upon the ground that any thing showing that the note was originally different from what it purports to be as business paper, would exhibit a fraud, and be therefore inoperative as to him.

Rule absolute. (*a*)

*Rule to show cause why a new trial should not be granted.*

(*a*)   See Gest *v.* Espy, 2 *Watts's Rep.* 268, reported after this decision was made.